**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4578**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

DONNIE WAYNE SHEFFIELD,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:07-cr-00769-TLW-1)

Submitted:  March 29, 2018                          Decided:  April 2, 2018

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Carrie Fisher Sherard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnie Wayne Sheffield appeals from the district court's judgment revoking his supervised release and sentencing him to 6 months of imprisonment and a 12–month term of supervised release. Sheffield's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Sheffield's revocation sentence is plainly unreasonable. Sheffield was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. During the pendency of this appeal, Sheffield was released from incarceration and began serving the 12–month term of supervised release.

We may address sua sponte whether an issue on appeal presents "a live case or controversy . . . since mootness goes to the heart of the Article III jurisdiction of the courts." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (internal quotation marks and citation omitted). Because Sheffield already has served his term of imprisonment, there is no longer a live controversy regarding the length of his confinement. Therefore, counsel's challenge to the district court's decision to impose the 6-month prison term is moot. *See United States v. Hardy*, 545 F.3d 280, 283-84 (4th Cir. 2008). However, because Sheffield is still serving the 12-month term of supervised release, and because his attorney filed an *Anders* brief, we retain jurisdiction to review pursuant to *Anders* the district court's decisions to revoke Sheffield's supervised release and to impose the 12-month term of supervised release.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal.[*] We therefore dismiss the appeal as moot to the extent Sheffield seeks to challenge his 6-month term of imprisonment and affirm the district court's judgment in all other respects. This court requires that counsel inform Sheffield, in writing, of the right to petition the Supreme Court of the United States for further review. If Sheffield requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sheffield. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[*] We have reviewed Sheffield's filing challenging the accuracy of the hearing transcript and imposition of a condition of supervised release requiring him to participate in a mental health treatment program, to include anger management, and find the challenge to be without merit.

3